IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BMO HARRIS BANK N.A.                                                                                PLAINTIFFS

v.                                            Case No. 4:18-cv-4088

MID-ARK UTILITIES &
RIG SERVICES, INC.;
MIKE PENNEY; and
LONNIE GRAHAM                                                                                       DEFENDANTS

# ORDER

Before the Court is Plaintiff BMO Harris Bank N.A.'s Motion to Transfer. (ECF No. 9). Plaintiff filed this action on June 6, 2018, in the Western District of Arkansas, Texarkana Division (the "Texarkana Division"). On June 26, 2018, Plaintiff filed the instant motion, asking the Court to transfer this case to the United States District Court for the Eastern District of Arkansas (the "Eastern District of Arkansas").[1] Plaintiff states that its counsel mistakenly filed this case in the Western District of Arkansas, rather than in the Eastern District of Arkansas. Plaintiff states further that Defendants live in and do business in the Eastern District of Arkansas, that the complaint's case caption reflects an intent to file this case in the Eastern District of Arkansas, and that the complaint references the Eastern District of Arkansas throughout. Accordingly, Plaintiff requests that this case be transferred to the Eastern District of Arkansas.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As the text of section 1404(a) makes clear, the Court must consider the convenience of the parties, the convenience of the witnesses, and the interest of justice. *Terra Int'l. Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). A district court enjoys "much discretion" when deciding

---

[1] Plaintiff does not specify which division of the Eastern District of Arkansas it requests a transfer to. However, the complaint in this matter displays the Northern Division in its case caption. Therefore, the Court will assume that Plaintiff wishes this case to be transferred to the Eastern District of Arkansas, Northern Division.

whether to grant a motion to transfer. *Id.* at 697. However, transfer motions "should not be freely granted." *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982), *abrogated on other grounds by Mo. Hous. Dev. Comm'n v. Brice*, 191 F.2d 1306 (8th Cir. 1990).

The Court finds that transfer of this case to the Eastern District of Arkansas is warranted. In reviewing Plaintiff's complaint, it is clear that this case should have been filed in the Eastern District of Arkansas. Plaintiff alleges that it has a principal place of business in Chicago, Illinois. Plaintiff also alleges that Defendants are citizens of, reside in, and/or do business in the Eastern District of Arkansas. The circumstances underlying Plaintiff's claims also allegedly occurred in the Eastern District of Arkansas. Accordingly, this case has no connection to the Texarkana Division or to the Western District of Arkansas. Therefore, transfer of this case is convenient for the parties and presumably any witnesses. Finally, transfer is in the interest of justice, as a substantial part of the circumstances giving rise to this case occurred within the Eastern District of Arkansas. Thus, the Eastern District of Arkansas has a strong interest in hearing this case. Accordingly, the factors in section 1404(a) weigh in favor of transfer.[2]

For the convenience of the parties and witnesses, and in the interests of justice, the Court finds that this action should be transferred. 28 U.S.C. § 1404. Accordingly, Plaintiff's motion ECF No. 9) is hereby **GRANTED**. The Clerk of Court is directed to immediately transfer this case to the United States District Court for the Eastern District of Arkansas, Northern Division, for all further proceedings.

**IT IS SO ORDERED**, this 27th day of June, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] Normally, there is a presumption in favor of the forum in which the plaintiff files the case. *Christensen Hatch Farms, Inc., v. Peavey Co.*, 505 F. Supp. 903, 911 (D. Minn. 1981). However, courts afford significantly less deference to a plaintiff's choice when the plaintiff does not reside in and the underlying facts did not occur in the selected forum. *Moretti v. Wyeth, Inc.*, No. 07-3920, 2008 WL 732497, at * 1 (D. Minn. March 17, 2008); *Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999). In this case, Plaintiff is not located in the Texarkana Division or the Western District of Arkansas, and the underlying facts allegedly occurred in the Eastern District of Arkansas.